**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 26-cv-9614 |
| v. ) | |
| ) | |
| JEROME F. CATALDO d/b/a HOSTMARK ) | |
| HOSPITALITY GROUP, LLC, a dissolved limited ) | |
| liability company, and d/b/a HOSTMARK ) | |
| INVESTORS, LP, a dissolved limited partnership, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Starr Indemnity & Liability Company, by and through its undersigned counsel, for its Complaint against Defendant Jerome F. Cataldo d/b/a Hostmark Hospitality Group, LLC, a dissolved limited liability company, and d/b/a Hostmark Investors, LP, a dissolved limited partnership, states as follows:

**PARTIES**

1. Starr Indemnity is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York.

2. Starr Indemnity is authorized to do business and does business in the State of Illinois.

3. For purposes of jurisdiction, Starr Indemnity is a citizen of the states of Texas and New York.

4. Defendant J. Cataldo is an individual who resides at 406 W. Noyes Street, Arlington Heights, Illinois.

5. Defendant J. Cataldo is a citizen of the state of Illinois.

6. For purposes of jurisdiction, Defendant J. Cataldo is a citizen of the state of Illinois.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209(b)(2) because he is an Illinois citizen.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the Defendant resides in this district.

## GENERAL ALLEGATIONS

10. At all times mentioned herein, Defendant J. Catalo was doing business as Hostmark Hospitality Group, LLC, a dissolved limited liability company.

11. In that regard, Hostmark Hospitality was formed in the State of Delaware on or about February 6, 2020.

12. Hostmark Hospitality registered as a foreign limited liability company in Illinois on or about February 19, 2021.

13. Hostmark Hospitality ceased to be in good standing in Delaware on or about June 1, 2024.

14. Hostmark Hospitality's Illinois's authorization was revoked on or about April 11, 2025.

15. At all times mentioned herein, Defendant J, Cataldo was doing business as Hostmark Investors, LP, a dissolved limited partnership.

16. In that regard, Hostmark Investors was formed in the State of Illinois on or about July 13, 1994.

17. Hostmark Investors was involuntarily dissolved by the Illinois Secretary of State on or about November 1, 2024.

18. Starr Indemnity issued a commercial general liability insurance policy to the Hostmark entities, under policy number 1000305313211, which covered the time period May 1, 2021 to May 1, 2022).

19. Starr Indemnity issued a commercial general liability insurance policy to the Hostmark entities, under policy number 1000305313221, which covered the time period May 1, 2022 to May 1, 2023.

20. Each of the above-referenced policies were subject to audit at their respective conclusions to determine the final premium due.

21. After audits of the above-referenced policies, Starr was owed additional premium in the total amount of $155,862.53.

22. On June 5, 2025, the Hostmark entities signed a promissory note in which they agreed to pay $155,862.53, plus interest, jointly and severally, to Starr by making twelve monthly payments, each in the amount of $13,473.82, commencing June 1, 2025.

23. The promissory note included a Confession of Judgment.

24. The promissory note was signed by Defendant J. Cataldo on behalf of Hostmark Hospitality Group, LLC as its Manager, by Defendant J. Cataldo on behalf of Hostmark Investors, LP as its President/CEO.

25. The promissory note was signed as set forth in paragraph 22, above, after the dissolution of all of the Hostmark entities.

## COUNT I
### (Claim for Confession Judgment)

26. Plaintiff incorporates by reference paragraphs 1 through 25, as if fully set forth herein.

27. Starr received six monthly payments between June 2025 and Jan. 2026 that covered the June through November 2025 monthly payments.

28. Starr has not received a payment since January 6, 2026.

29. J. Cataldo has not responded to several email demands for payment.

30. Accordingly, Starr is entitled to an entry of judgment in the amount of $80,842.83, calculated by subtracting the $80,842.92 in payments made from the $161,685.75 original debt.

31. Starr is also entitled to default interest and the recovery of its costs, expense, and attorney's fees in this action, pursuant to the terms of the promissory note.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Starr Indemnity & Liability Company prays for the entry of a judgment in its favor and against Defendant in the amount of 80,842.92, together with prejudgment interest at the rate of 10% per annum from the date of default, attorney's fees, costs, interest and other damages as may be allowed by law.

Respectfully Submitted,

/s/ Ross M. Chinitz

Ross M. Chinitz (2515182)
Attorney for Plaintiff
399 Park Avenue, 3rd Floor
New York, NY   10022
Tel.: 646-227-6409
Fax: 631-685-4274
ross.chinitz@starr.com